UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CHRISTOPHER SANDOVAL ABREU,

                Plaintiff,

        -v-

THE STOP & SHOP SUPERMARKET COMPANY LLC,

                Defendant.
-----------------------------------------------------------------------X

25 Civ. 6601 (JPC)

ORDER

JOHN P. CRONAN, United States District Judge:

    This case was removed from the New York Supreme Court for Bronx County on August 18, 2025. Dkt. 1. In the notice of removal, Defendant invokes the Court's subject matter jurisdiction on the ground of diversity of citizenship under 28 U.S.C. § 1332(a). *Id.* ¶ 17. According to the notice of removal, Plaintiff Christopher Sandoval Abreu is a citizen and resident of the state of New York. *Id.* ¶ 4. The notice of removal also provides that Defendant The Stop & Shop Supermarket Company LLC "is a Delaware limited liability company whose sole member is Ahold U.S.A., Inc., a Delaware corporation," and that "[t]he ultimate parent of Ahold U.S.A., Inc. is Koninklijke Ahold Delhaize N.V., a publicly traded limited liability company registered in The Netherlands." *Id.* ¶ 3.

    A limited liability company ("LLC") takes the citizenship of its members. *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000); *see also Brady v. IGS Realty Co.*, No. 19 Civ. 10142 (PAE), 2020 WL 5414683, at *10 (S.D.N.Y. Sept. 8, 2020). A party attempting to invoke the Court's diversity jurisdiction must therefore allege the citizenship of natural persons who are members of an LLC as well as the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See Handelsman*, 213 F.3d at 51-52; *see,*

*e.g.*, *New Millennium Cap. Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010). Here, the notice of removal identifies that the sole member of Defendant is Ahold U.S.A., Inc., a Delaware corporation. Dkt. 1 ¶ 3. But "[f]or diversity jurisdiction purposes, a corporation is a citizen of each State where it is incorporated and of the state where it has its principal place of business." *Ratzker v. Transamerica Fin. Life Ins. Co.*, No. 22 Civ. 10913 (LJL), 2023 WL 1993758, at *1 (S.D.N.Y. Feb. 14, 2023) (citing 28 U.S.C. § 1332(c)). The notice of removal does not state where the principal place of business is for Ahold U.S.A., Inc., as is required for purposes of diversity jurisdiction. *See, e.g.*, *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 218 (2d Cir. 2016) ("A corporation's principal place of business under § 1332 is 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010))).

Accordingly, it is hereby ordered that by August 26, 2025, Defendant shall amend the notice of removal to properly allege the citizenship of Defendant LLC's members. If no such amended notice of removal is filed by that date, or Defendant has otherwise failed to properly establish this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(2), the Court will order this case remanded to state court without further notice.

SO ORDERED.

Dated: August 19, 2025
      New York, New York
                                           JOHN P. CRONAN
                                       United States District Judge